**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **KENDALL TRAYMANE SPENCE,** | ) | |
| **ID # 1594392,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:14-CV-927-N (BH)** |
| | ) | |
| **WILLIAM STEPHENS, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.  Before the Court is the petitioner's *Motion for Summary Judgement,* received December 28, 2015 (doc. 24).  Because he essentially seeks a default judgment on grounds that the respondent did not timely file a supplemental answer as ordered, his filing is liberally construed as a motion for default judgment.  Based on the relevant filings and applicable law, the motion should be **DENIED**.

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions under which default may be entered against a party, as well as the procedure for seeking the entry of default judgment. There is a three-step process for securing a default judgment.  *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First a default occurs when a party "has failed to plead or otherwise defend" against an action.  Fed. R. Civ. P. 55(a).  Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise".  *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141.  Third, a party may apply to the clerk or the court for a default judgment after an entry of default.  Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

In this case, the docket reflects that the Attorney General for the State of Texas was served

electronically on March 18, 2014, and ordered to file an answer to the petitioner's habeas petition within sixty days. (doc. 6.)  On May 16, 2014 and June 13, 2014, the respondent filed motions requesting a thirty-day extension of the deadline to file a response. (docs. 9, 11.)  Both motions were granted. (docs. 10, 12.)  The respondent timely filed his response on July 11, 2014. (doc. 14.)  The petitioner's reply, which raised a new claim, was received on July 31, 2014. (doc. 16.)  On September 16, 2015, the respondent was ordered to file a supplemental answer within thirty days that addressed the new claim. (doc. 18.)  On October 16, 2015 and November 13, 2015, the respondent moved for a thirty-day extensions of time to file a supplemental answer. (docs. 19, 21.)  The motions were granted, and the respondent filed his supplemental answer on December 11, 2015. (docs. 20, 22, 23.)  The respondent has therefore not failed to timely plead or otherwise defend this action.

Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."  *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).  "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'"  *Lewis*, 236 F.3d at 767 (quoting *Sun Bank*, 874 F.2d at 276).  Because the respondent has appeared to defend this action and has timely sought extensions of time to answer the petition and the new claims raised for the first time in the reply, the petitioner's motion for default judgment should be **DENIED**.

**SO RECOMMENDED on this 29th day of December, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3